Christopher M. Schierloh (CS-6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o MAGELLAN TRADING COMPANY, LLC

                        Plaintiff,

           - against -

M/V CSAV CHICAGO, her engines, boilers, tackle,
furniture, apparel, etc *in rem*; CSAV Sud Americana
de Vapores S.A., and American Transportation
Group, *in personam*,

                        Defendants.
-----------------------------------------------------------X

JUDGE KAPLAN

08 CV 1592

08 Civ.

COMPLAINT



    Plaintiff, FIREMAN'S FUND INSURANCE COMPANY, (hereinafter "FFIC"), by and through its attorneys, Casey & Barnett, LLC as and for its Complaint against M/V CSAV CHICAGO, her engines, boilers, tackle, furniture, apparel, etc *in rem*; CSAV Sud Americana de Vapores S.A., and American Transportation Group, *in personam*, allege upon information and belief as follows:

### PARTIES

    1.    At all material times, Fireman's Fund Insurance Company was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, NY 10005 and is

the subrogated underwriter of a consignment of frozen chicken laden on board the M/V CSAV CHICAGO, as more fully described below.

2. Upon information and belief, Magellan Trading Company, LLC (hereinafter "Magellan") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 11770 Haynes Bridge Rd, Alpharetta, GA 30004 and was the owner of a consignment of frozen chicken laden on board the M/V CSAV CHICAGO, as more fully described below.

3. Upon information and belief, defendant, CSAV Sud Americana De Vapores S.A. (hereinafter "CSAV"), was and is a foreign corporation with an office and place of business located at 99 Wood Avenue South, 9th Floor, Iselin, New Jersey 08830, and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the M/V CSAV CHICAGO, and as common carrier of goods by water for hire.

4. Upon information and belief, at all times hereinafter mentioned, defendant, M/V CSAV CHICAGO (hereinafter "vessel") was and still is a vessel operated as a common carrier of goods in ocean transportation for hire and upon information and belief, is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

5. Upon information and belief, at all times hereinafter mentioned, Defendant, American Transportation Group (hereinafter "ATG"), was and still is a business entity duly organized and existing under the laws of a foreign country, with an office at 99 Wood Avenue South, Iselin, New Jersey 08830, and who was at all times acting as the owner, operator and/or

manager of the M/V CSAV CHICAGO, and as a common carrier of goods by water and/or agent of CSAV.

## JURISDICTION

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

7. On or about August 26, 2006, a consignment, consisting of 3,146 cases of frozen chicken laden in containers numbered GESU9239618 and TRIU8238744, then being in good order and condition, was delivered into the care and custody of the defendants and/or their agents in Charleston, South Carolina, for transportation to Callao, Peru in consideration of an agreed upon freight, pursuant to CSAV bill of lading numbered PCA724375.

8. Thereafter, the consignment having been loaded aboard the M/V CSAV CHICAGO, the vessel sailed from the port of Charleston, South Carolina to the port of Callao, Peru.

9. Pursuant to bill of lading numbered PCA724375, the above referenced containers were to be maintained at a temperature of 0 degrees Fahrenheit.

10. Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had sustained damages during transit.

11. Upon inspection, it was discovered that the temperature in both containers was improperly set to 0 degrees Celsius, which resulted in damages.

3

12. As a result of the damages sustained to the shipment, Magellan sustained a loss in the amount of $59,497.56.

13. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and/or bailment on the part of the defendants.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Magellan and FFIC, which provided coverage for, among other things, loss or damage to the consignments.

15. Pursuant to the aforementioned contract of insurance between Magellan and FFIC, monies have been and will be expended on behalf of Magellan in the amount of $59,497.56 to the detriment of FFIC due to the damages sustained during transit.

16. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

17. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

18. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

19. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $59,497.56.

20. Plaintiff has a maritime lien against the M/V CSAV CHICAGO for the damages referred to herein and will enforce that lien in these proceedings.

21. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

WHEREFORE, Plaintiff prays:

1. In rem service of process be issued against the M/V CSAV CHICAGO, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $59,497.56 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V CSAV CHICAGO, their engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

4. The Court order, adjudge and decree that defendants CSAV Sud Americana de Vapores S.A., American Transportation Group, and M/V CSAV CHICAGO be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
February 15, 2008
299-419

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____
Christopher M. Schierloh (CS-6644)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225